

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 18, 2006

The Honorable David Swinford
Chair, Committee on State Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0433

Re: Validity of a charter provision that permits a home-rule city to amend its charter by ordinance (RQ-0416-GA)

Dear Representative Swinford:

You ask about the validity of a charter provision that permits a home-rule city to amend its charter by ordinance.[1] Though this office generally refrains from construing municipal charters and ordinances, we do so when, like here, the question is whether a charter provision or ordinance is in conflict with state or federal law. Tex. Att'y Gen. Op. No. GA-0217 (2004) at 4–5.

Your question concerns the charter for the City of Dumas (the "City"). A letter to you from the Dumas city manager states that in 1993 the City's voters, "in a duly called city charter amendment election, approved an amendment to the home rule charter which purports to give the city commission the authority to amend the charter by ordinance."[2] As a result, the City's charter now reads in relevant part:

> Amendments to the charter may be framed and proposed as (a) in the manner provided by law, or (b) *by ordinance of the city commission containing the full text of the proposed amendment* **and effective** **upon adoption**, or (c) by recommendation of a charter commission by ordinance, or (d) by petition of 25 percent or more of the registered voters of the city.

City of Dumas Letter, *supra* note 2, at 1. The City has used this provision to amend the charter by ordinance on one occasion, in 1995, "to establish the current system of staggered, three-year terms for city commissioners." *Id.* at 1–2. Thus, the City asks the following two questions:

---

[1]Letter from Honorable David Swinford, Chair, Committee on State Affairs, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Oct. 27, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Vince DiPiazza, City Manager, City of Dumas, to Honorable David Swinford, Chair, Committee on State Affairs, Texas House of Representatives, at 1 (Sept. 30, 2005) (attached to the Request Letter) [hereinafter City of Dumas Letter].

1)    Is the provision in the city charter granting authority to the city commission to amend the charter by ordinance legal?

2)    If the referenced provision is illegal, what does that do to the subsequently enacted charter provision establishing terms of office for the city commission?

*Id.* at 2.

The City is a home-rule municipality, *see id.* at 1 (questioning the validity of an amendment to its home-rule charter), and as such it "is empowered to adopt or amend its charter in any manner in which it may desire, consistent and in accordance with the state constitution and the general laws of this State." *Burch v. City of San Antonio*, 518 S.W.2d 540, 543 (Tex. 1975); *see* TEX. CONST. art. XI, § 5 (authorizing and governing the creation of home-rule municipalities). Article XI, section 5 of the Texas Constitution authorizes home-rule municipalities, "*by a majority vote of the qualified voters of said city*, at an election held for that purpose, [to] adopt *or amend* their charters." TEX. CONST. art. XI, § 5 (emphasis added). That is, this provision's language requires that each amendment to a city charter be submitted to city voters at an election called for that purpose. *See* TEX. LOC. GOV'T CODE ANN. §§ 9.004, .005 (Vernon 1999) (implementing article XI, section 5 requiring charter amendments to be submitted to city voters). Here, the charter was amended to permit the City to amend its charter without submitting proposed amendments to the qualified voters, which amendment contradicts the plain language of the constitution. Thus, in answer to your first question, the City charter provision granting authority to amend the charter by ordinance is invalid because it is inconsistent with the constitutional requirement that all charter amendments be adopted by a majority of a city's qualified voters.

The City also asks about the effect on the charter amendment adopted by ordinance providing for staggered terms for its commissioners—if the amendment by ordinance provision is invalid. *See* City of Dumas Letter, *supra* note 2, at 2. Municipal laws inconsistent with state law are void *ab initio*. *City of Wink v. Griffith Amusement Co.*, 100 S.W.2d 695, 698 (Tex. 1936). The City therefore had no authority in 1995 to amend by ordinance the commissioners' term limits. *See id.* at 698. Consequently, the City's charter was not amended in 1995; rather, the charter continues to mandate commissioners' term limits as it did prior to the invalid 1995 amendment. No validating legislation changes this result. *See Mayhew v. Town of Sunnyvale*, 774 S.W.2d 284, 296 (Tex. App.—Dallas 1989, writ denied) (validation statutes may not cure constitutional defects).

## S U M M A R Y

An amendment to a home-rule city charter that purports to grant authority to the city to amend its charter by ordinance is void because it is inconsistent with article XI, section 5 of the Texas Constitution, which requires all charter amendments to be approved by a majority of qualified voters in the city. Thus, a charter amendment adopted by ordinance is invalid.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee